**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **VISTA PEAK VENTURES, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **GIANTPLUS TECHNOLOGY CO., LTD.,** | § | |
| | § | **CIVIL ACTION NO. 2:19-cv-00187** |
| **Defendant.** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |

## PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Vista Peak Ventures, LLC ("VPV") files this Complaint against Defendant Giantplus Technology Co., Ltd. ("Giantplus") for infringement of U.S. Patent No. 7,593,070 ("the '070 patent"), U.S. Patent No. 7,006,065 ("the '065 patent"), and U.S. Patent No. 6,486,931 ("the '931 patent"), collectively, the "Asserted Patents."

## THE PARTIES

1. Vista Peak Ventures, LLC is a Texas limited liability company, located at 1400 Preston Rd, Suite 472, Plano, TX 75093.

2. Upon information and belief, Giantplus is a multinational corporation organized under the laws of the Republic of China, with its principal place of business located at 15 Industrial Rd. Toufen, Miao-Li (also "Miauli"), Taiwan.

3. Upon information and belief, Giantplus was founded in April 1997 and provides "high value-added [thin-film transistor – liquid crystal] displays such as Point of Sale (POS), Printers, Wearable, Handy Terminal, Electronic Shelf Label (ESL), Home Appliance, Medical

Devices, and GPSMap." *See* Giantplus Product Info webpage, (*available at* http://www.giantplus.com.tw/en/prod_infos). Giantplus was first listed on the Taiwan Stock Exchange (TWSE) in 2006. *See* About Giantplus webpage (*available at* http://www.giantplus.com.tw/en/about-us/about-giantplus). Giantplus provides displays for diverse applications including "Point of Sale (POS), Printers, Wearable, Handy Terminal, Electronic Shelf Label (ESL), Home Appliance, Medical Devices, and GPSMap," and provides custom-designed displays for automotive before-market applications, including "Instrument Clusters, Client Control, Head-up Display (HUD), e-Mirror, and Central Infotainment Display (CID)." *See* Giantplus Product Info webpage.

4. Upon information and belief, Giantplus' thin-film transistor – liquid crystal display ("TFT-LCD") panels are incorporated into consumer electronic devices, including digital camera devices manufactured by Fujifilm. Fujifilm maintains a corporate presence in the United States that "play[s] a major role in FUJIFILM's global manufacturing system." *See* Fujifilm's Product Lineup webpage (*available at* https://www.fujifilmusa.com/about/corporate_profile/fujifilm_companies/manufacturing/products_services/index.html). Fujifilm ships product to "30 Fujifilm locations in the United States, as well as other 'direct to US customer' shipments." *See* Fujifilm's Product Lineup webpage (*available at* https://www.fujifilmusa.com/about/corporate_profile/fujifilm_companies/manufacturing/products_services/page_01.html). Fujifilm also "imports products from other worldwide Fujifilm locations for distribution into the US market place" and "provides storage for some of the raw materials required for manufacturing Fujifilm products" in the U.S. *Id.* Giantplus also maintains a corporate presence in the U.S. via its wholly-owned, U.S.-based subsidiary Giantplus Holding

LLC. Through offers to sell, sales and agreements to transfer ownership of its TFT-LCD panels with either Fujifilm and/or its U.S. subsidiary, Giantplus does business in the U.S., the State of Texas and in the Eastern District of Texas.

**JURISDICTION AND VENUE**

5. This action arises under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because, among other things, Giantplus is not a resident in the United States, and thus may be sued in any judicial district, including this one, pursuant to 28 U.S.C. § 1391(c)(3). *See also In re HTC Corporation*, 889 F.3d 1349, 1357 (Fed. Cir. 2018) ("The Court's recent decision in *TC Heartland* does not alter" the alien-venue rule.).

8. Upon information and belief, Giantplus is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and judicial district, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents vicariously through and/or in concert with its subsidiaries, intermediaries, and/or agents.

9. This Court has personal jurisdiction over Giantplus, directly or through intermediaries including its wholly-owned, U.S.-based subsidiary Giantplus Holding LLC, which is incorporated in the state of Delaware with its principal place of business located at 3500 South

Dupont Highway, Dover, DE 19901. Through direction and control of this subsidiary, Giantplus has committed acts of direct and/or indirect patent infringement within Texas, and elsewhere within the United States, giving rise to this action and/or has established minimum contacts with Texas such that personal jurisdiction over Giantplus would not offend traditional notions of fair play and substantial justice. For example, Giantplus states that it "mainly focus[es] on Europe, North American, Japan, and Taiwan markets" *See* Giantplus Product Info. Giantplus' TFT-LCDs are used in Fujifilm digital camera products which are imported, offered for sale and sold, including model nos. GPM1410A0 0418 and LM1452B02-1B used in FinePix XP80 and Fujifilm Instax SQ10, respectively. These products are or have been widely sold in retail stores, both brick and mortar and online, within this judicial district and in Texas. *See Litecubes, LLC v. Northern Light Products, Inc.*, 523 F.3d 1353, 1369-70 (Fed. Cir. 2008) ("[T]he sale [for purposes of § 271] occurred at the location of the buyer."); *see also Semcon IP Inc. v. Kyocera Corporation*, No. 2:18-cv-00197-JRG, 2019 WL 1979930, at *3 (E.D. Tex. May 3, 2019) (denying accused infringer's motion to dismiss because plaintiff sufficiently plead that purchases of infringing products outside of the United States for importation into and sales to end users in the U.S. may constitute an offer to sell under § 271(a)).

10. Upon information and belief, Giantplus has placed and continues to place infringing TFT-LCD panels into the stream of commerce via an established distribution channel, including pursuant to agreements with U.S.-based customers, such as Fujifilm and/or its wholly-owned, U.S. based subsidiary Giantplus Holding LLC, for the sale of infringing products, with the knowledge and/or intent that those products were imported, sold and continue to be sold in the United States and Texas, including in this judicial district. In 2018, Giantplus reported NT9,887,852,000 (approx. 320 million U.S. dollars) in global sales. *See* Giantplus Tech Corp. Announced Fiscal

Year 2018 Financial Results (*available at* http://www.giantplus.com.tw/en/announcements/2018-Financial-Results).

11. Giantplus controls its wholly-owned, U.S.-based subsidiary Giantplus Holding LLC. Upon information and belief, Giantplus Holding LLC markets Giantplus products and provides customer service and support for Giantplus in the United States, including in Texas and this judicial district. This subsidiary gives Giantplus substantially the business advantages that it would have enjoyed if it conducted its business through its own offices or paid agents in the state.

12. On information and belief, Giantplus has significant ties to, and presence in, the State of Texas and the Eastern District of Texas, making venue in this judicial district both proper and convenient for this action.

## THE ASSERTED PATENTS AND TECHNOLOGY

13. Upon information and belief, a significant portion of operating revenue of Giantplus is derived from the manufacture and sale of TFT-LCD flat panel displays, and Giantplus' main commodities include small-to-medium-sized TFT-LCD related products. *See* About Giantplus (*available at* http://www.giantplus.com.tw/en/about-us/about-giantplus). Giantplus asserts that it "has successfully shifted from focusing on niche market to providing valued-added product mix, and further cultivating high-profile markets." Furthermore, "Giantplus Technology is recognized as a strategic partner in both industrial and automotive markets." *Id.*

14. The Asserted Patents cover Giantplus' TFT-LCDs, their components, and processes related to the same. An example Giantplus TFT-LCD is the Giantplus LCD Panel, model no. GPM1410A0 0418, which is used in at least Fujifilm's digital camera model FinePix XP80. Another example of a Giantplus TFT-LCD is model no. LM1452B02-1B, which is used in end-user products such as Fujifilm Instax SQ10. The FinePix XP80 and its monitor panel with its labeling listing the Giantplus LCD panel are shown below:











15. As shown below, the TFT-LCD panel contains a backlight unit. Teardown images below from model no. GPM1410A0 0418 show its backlight unit has an optical guide plate enclosed in a frame.




16. The Giantplus TFT-LCD panel's backlight unit contains many components. The images and illustration below show, for example, an illustrative cross-sectional diagram of the Giantplus TFT-LCD and a part of the backlight unit's frame. The LED backlight has a conductive plate positioned in the opening of the frame, which has surfaces adjacent to the two frame surfaces. The LED backlight also has a light reflective sheet fastened to the second surface of the frame and covers at least a portion of the second surface of the frame and light conductive plate. The diffusion sheet and the light reflective sheet cooperate to fasten the light conductive plate within the frame.









Cross-Section Diagram




17. The Giantplus TFT-LCD panel has an optical guide plate that has a body made of a transparent material, and includes an incident surface, a granulated diffusion surface, and a light output surface.




18. The optical guide plate has projections on the granulated diffusion surface, which are higher than the height of the granulations of the granulation diffusion surface.




19. The optical guide plate has a reflecting sheet supported by the projections, which forms an air layer between the reflecting sheet and the granulated surface.




20. The optical guide plate has a light source (e.g., LED strip) opposed to the incident surface.




21. The FUJIFILM FinePix XP80 camera has a driving circuit for the Giantplus LCD panel in the iCatch SPCA6350A-HWG11 microprocessor.




22. Upon information and belief, the SPCA6350M chip is expected to have features and components similar (or identical) to other SPCA6350 Series chips, including the SPCA6350A-HWG11, which is used in the FUJIFILM FinePix XP80. The driving circuit of the SPCA6350M has a gamma compensating circuit in a display controller block, as shown below.




SPCA6350M Datasheet, Version 0.1 (Apr. 18, 2014)

23. The driving circuit of the SPCA6350M applies a gamma compensation to a red, blue, and green ("RGB") video signal.

**SPCA6350M**

***Hybrid Digital Still Camera Controller***

DATASHEET

- Input pulse counter and phase counter
- Dedicated PLL for sensor master clock

### 2.5. iCDSP v5

- 5th Generation image processing pipeline
- Raw data capture speed up to 576M pixels/sec
- A-law raw data compression, 12bit-to-10bit, 10bit-to-8bit, and 12bit-to-8bit compression
- Pixel processing speed up to 180M pixels/sec
- On-the-fly and location-based bad pixel correction
- Lens distortion correction
- R/Gr/B/Gb four channel lens shading correction with noise reduction
- Superior interpolation(de-mosaic) with cross-talk and color-aliasing suppression

### 2.7. Display

- Supports Casio, AUO, Sony and TPO LCD
- Supports dual MIPI DSI interface to serial LCD, up to 2 data lanes for each MIPI DSI LCD panel
- Supports ITU-R BT 601/656/1120 digital video output interface
- Supports i80/M68 interface to LCM modules
- Direct output analog NTSC or PAL composite video signals to TV
- 3-channel (RGB) programmable gamma correction
- Programmable luminance (Contrast, Brightness) and chrominance (Hue, Saturation) control for display
- OSD engine with 128-level alpha blending
- Dual display (LCD and TV) capability
- Built-in HDMI 1.4 transmitter with 3D format and CEC support

Confidential Only

SPCA6350M Datasheet, Version 0.1 (Apr. 18, 2014)

24. As shown below regarding the SPCA6350A chip, a data electrode driving circuit is present for driving the compensated red, green, and blue video signals.




**COUNT I**

(INFRINGEMENT OF U.S. PATENT NO. 7,593,070)

25. Plaintiff incorporates paragraphs 1 through 24 herein by reference.

26. VPV is the assignee of the ’070 patent, entitled “Optical unit and LCD device using the optical unit,” with ownership of all substantial rights in the ’070 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.

27. The ’070 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. The ’070 patent issued from U.S. Patent Application No. 11/984,403.

28. Giantplus has and continues to directly and/or indirectly infringe (by inducing infringement) one or more claims of the ’070 patent in this judicial district and elsewhere in Texas and the United States.

29. Upon information and belief, Giantplus engages in the research, development, design, manufacture, and sales of TFT-LCD panels. *See* Giantplus’ “R & D” page (*available at* http://www.giantplus.com.tw/en/about-us/about-giantplus/r-d) (describing that Giantplus “has an experienced and up-to-date engineering team who has consistently dedicated to innovative technologies and product developments”).

30. Giantplus directly infringes the ’070 patent via 35 U.S.C. § 271(a) by making, offering for sale, selling, and/or importing those TFT-LCD panels, their components, and/or products containing same that incorporate the fundamental technologies covered by the ’070 patent, or by having its controlled subsidiaries, intermediaries, and/or agents , intermediaries, and/or agents do the same. Furthermore, upon information and belief, Giantplus sells and makes TFT-LCD panels outside of the United States, intending and/or knowing that those panels are

destined for the United States and/or designing those products for sale in the United States, thereby directly infringing the ’070 patent.

31. For example, Giantplus infringes claim 1 of the ’070 patent via its LCD panel model nos. GPM1410A0 0418 and LM1452B02-1B. Those products include a “optical unit, comprising” each of the limitations of claim 1. The technology discussion above and the example accused TFT-LCD panel (model nos. GPM1410A0 0418 and LM1452B02-1B) provide context for Plaintiff’s allegations that each of those limitations are met. For example, model nos. GPM1410A0 0418 and LM1452B02-1B include a frame surrounding an opening, the frame having a first surface and a second surface, placed directly across from the first surface of the frame; a light conductive plate positioned in the opening of the frame, the light conductive plate having a first surface adjacent the first surface of the frame and a second surface adjacent the second surface of the frame; a diffusion sheet fastened to the first surface of the frame in a manner to cover at least a portion of the first surface of the frame and to cover the first surface of the light conductive plate; and a light reflective sheet fastened to the second surface of the frame in a manner to cover at least a portion of the second surface of the frame and to cover the second surface of the light conductive plate, wherein the diffusion sheet and the light reflective sheet cooperate to fasten the light conductive plate within the frame.

32. Giantplus further infringes the ’070 patent via 35 U.S.C. § 271(g) by selling, offering to sell, and/or importing TFT-LCD panels, their components, and/or products containing same, that are made by a process covered by the ’070 patent. Upon information and belief, the infringing TFT-LCD panels, their components, and/or products containing same are not materially changed by subsequent processes, and they are neither trivial nor nonessential components of another product.

33. At a minimum, Giantplus has known of the ’070 patent at least as early as the filing date of the complaint. In addition, Giantplus has known of the ’070 patent since May 9, 2018, when Giantplus was provided access to a data room containing claim charts, including for the ’070 patent.

34. Upon information and belief, since at least the above-mentioned date when Giantplus was on notice of its infringement, Giantplus has actively induced, under U.S.C. § 271(b), distributors, importers and/or consumers that purchase or sell TFT-LCD panels that include or are made using all of the limitations of one or more claims of the ’070 patent to directly infringe one or more claims of the ’070 patent by using, offering for sale, selling, and/or importing the TFT-LCD panels. Since at least the notice provided on the above-mentioned date, Giantplus does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the ’070 patent. Upon information and belief, Giantplus intends to cause, and has taken affirmative steps to induce, infringement by the distributors, importers, and/or consumers by, *inter alia*, creating advertisements that promote the infringing use of the TFT-LCD panels, creating established distribution channels for the TFT-LCD panels into and within the United States, manufacturing the TFT-LCD panels in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States. *See, e.g.*, About Giantplus webpage (*available at* http://www.giantplus.com.tw/en/about-us/about-giantplus) (showing Giantplus’ “Worldwide Customers” including a North American location).

35. Upon information and belief, despite having knowledge of the ’070 patent and knowledge that it is directly and/or indirectly infringing one or more claims of the ’070 patent,

Giantplus has nevertheless continued its infringing conduct and disregarded an objectively high likelihood of infringement. Giantplus' infringing activities relative to the '070 patent have been, and continue to be, willful, wanton, malicious, in bad-faith, deliberate, consciously wrongful, flagrant, characteristic of a pirate, and an egregious case of misconduct beyond typical infringement such that Plaintiff is entitled under 35 U.S.C. § 284 to enhanced damages up to three times the amount found or assessed.

36. VPV has been damaged as a result of Giantplus' infringing conduct described in this Count. Giantplus is, thus, liable to VPV in an amount that adequately compensates VPV for Giantplus' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II

(INFRINGEMENT OF U.S. PATENT NO. 6,486,931)

37. Plaintiff incorporates paragraphs 1 through 36 herein by reference.

38. VPV is the assignee of the '931 patent, entitled "LCD optical guide plate with a roughened back surface having projections that support a reflecting sheet," with ownership of all substantial rights in the '931 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.

39. The '931 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. The '931 patent issued from U.S. Patent Application No. 09/592,914.

40. Giantplus has and continues to directly and/or indirectly infringe (by inducing infringement) one or more claims of the '931 patent in this judicial district and elsewhere in Texas and the United States.

41. Upon information and belief, Giantplus engages in the research, development, design, manufacture, and sales of TFT-LCD panels. *See* Giantplus' "R & D" page (*available at* http://www.giantplus.com.tw/en/about-us/about-giantplus/r-d) (describing that Giantplus "has an experienced and up-to-date engineering team who has consistently dedicated to innovative technologies and product developments").

42. Giantplus directly infringes the '931 patent via 35 U.S.C. § 271(a) by making, having made, offering for sale, selling, and/or importing those TFT-LCD panels, their components, and/or products containing same that incorporate the fundamental technologies covered by the '931 patent, or by having its controlled subsidiaries, intermediaries, and/or agents do the same. Furthermore, upon information and belief, Giantplus sells and makes TFT-LCD panels outside of the United States, intending and/or knowing that those panels are destined for the United States and/or designing those products for sale in the United States, thereby directly infringing the '931 patent.

43. For example, Giantplus infringes claim 1 of the '931 patent via its LCD panel model no. GPM1410A0 0418. That product includes an "optical guide plate used in a liquid crystal display comprising" each of the limitations of claim 1. The technology discussion above and the example accused TFT-LCD panel (model no. GPM1410A0 0418) provide context for Plaintiff's allegations that each of those limitations are met. For example, the panel model no. GPM1410A0 0418 includes an optical guide body formed of a transparent material, and including an incident surface, a granulated diffusion surface for scattering light components, a light output surface for radiating said light components therefrom and projections formed on said granulated diffusion surface, said projections having peaks with a height dimension of approximately 10 microns to 20 microns, which height dimension is greater than the dimensions of granulation of the granulated

diffusion surface; a reflecting sheet supported by said peaks of said projections so as to form an air layer between the reflecting sheet and the granulated diffusion surface; and a light source opposed to said incident surface for supplying said light components to said optical guide body.

44. At a minimum, Giantplus has known of the '931 patent at least as early as the filing date of the complaint. In addition, Giantplus has known of the '931 patent since May 9, 2018, when Giantplus was provided access to a data room containing claim charts, including for the '931 patent.

45. Upon information and belief, since at least the above-mentioned date when Giantplus was on notice of its infringement, Giantplus has actively induced, under U.S.C. § 271(b), distributors, importers and/or consumers that purchase or sell TFT-LCD panels that include all of the limitations of one or more claims of the '931 patent to directly infringe one or more claims of the '931 patent by using, offering for sale, selling, and/or importing the TFT-LCD panels. Since at least the notice provided on the above-mentioned date, Giantplus does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the '931 patent. Upon information and belief, Giantplus intends to cause, and has taken affirmative steps to induce, infringement by the distributors, importers, and/or consumers by, inter alia, creating advertisements that promote the infringing use of the TFT-LCD panels, creating established distribution channels for the TFT-LCD panels into and within the United States, manufacturing the TFT-LCD panels in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States. *See, e.g.,* About Giantplus webpage (*available at*

http://www.giantplus.com.tw/en/about-us/about-giantplus) (showing Giantplus' "Worldwide Customers" including a North American location).

46. Upon information and belief, despite having knowledge of the '931 patent and knowledge that it is directly and/or indirectly infringing one or more claims of the '931 patent, Giantplus has nevertheless continued its infringing conduct and disregarded an objectively high likelihood of infringement. Giantplus' infringing activities relative to the '931 patent have been, and continue to be, willful, wanton, malicious, in bad-faith, deliberate, consciously wrongful, flagrant, characteristic of a pirate, and an egregious case of misconduct beyond typical infringement such that Plaintiff is entitled under 35 U.S.C. § 284 to enhanced damages up to three times the amount found or assessed.

47. VPV has been damaged as a result of Giantplus' infringing conduct described in this Count. Giantplus is, thus, liable to VPV in an amount that adequately compensates VPV for Giantplus' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT III**

(INFRINGEMENT OF U.S. PATENT NO. 7,006,065)

48. Plaintiff incorporates paragraphs 1 through 47 herein by reference.

49. VPV is the assignee of the '065 patent, entitled "Gamma compensation method and circuit for color liquid crystal display," with ownership of all substantial rights in the '065 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.

50. The ’065 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. The ’065 patent issued from U.S. Patent Application No. 09/707,816.

51. Giantplus has and continues to directly and/or indirectly infringe (by inducing infringement) one or more claims of the ’065 patent in this judicial district and elsewhere in Texas and the United States.

52. Upon information and belief, Giantplus engages in the research, development, design, manufacture, and sales of TFT-LCD panels. *See* Giantplus’ “R & D” page (*available at* http://www.giantplus.com.tw/en/about-us/about-giantplus/r-d) (describing that Giantplus “has an experienced and up-to-date engineering team who has consistently dedicated to innovative technologies and product developments”).

53. Giantplus directly infringes the ’065 patent via 35 U.S.C. § 271(a) by making, offering for sale, selling, and/or importing those TFT-LCD panels, their components, and/or products containing same that incorporate the fundamental technologies covered by the ’065 patent, or by having its controlled subsidiaries, intermediaries, and/or agents do the same. Furthermore, upon information and belief, Giantplus sells and makes TFT-LCD panels outside of the United States, intending and/or knowing that those panels are destined for the United States and/or designing those products for sale in the United States, thereby directly infringing the ’065 patent.

54. For example, Giantplus infringes claim 1 of the ’065 patent via its LCD panel model no. GPM1410A0 0418. That product includes a “driving circuit for a color liquid crystal display comprising” each of the limitations of claim 9. The technology discussion above and the example accused TFT-LCD panel (model no. GPM1410A0 0418) provide context for Plaintiff’s allegations

that each of those limitations are met. For example, model no. GPM1410A0 0418 includes a first gamma compensating circuit for applying a gamma compensation only to a red video signal so as to be suitable only for a red transmittance characteristic for an independently applied voltage in said color liquid crystal display and for outputting only a compensated red video signal; a second gamma compensating circuit for applying a gamma compensation only to a green video signal so as to be suitable only for a green transmittance characteristic for an independently applied voltage in said color liquid crystal display and for outputting only a compensated green video signal; a third gamma compensating circuit for applying a gamma compensation only to a blue video signal so as to be suitable only for a blue transmittance characteristic for an independently applied voltage of said color liquid crystal display and for outputting only a compensated blue video signal; a reference voltage generating circuit for supplying respectively independently generated reference voltages to said first gamma compensating circuit, said second gamma compensating circuit and said third gamma compensating circuit; and a data electrode driving circuit for driving corresponding electrodes of said color liquid crystal display based on said compensated red video signal, said compensated green video signal and said compensated blue video signal, wherein said reference voltages are generated to provide optimum gamma compensation based on the luminosity characteristics of each color.

55. Giantplus further infringes the ’065 patent via 35 U.S.C. § 271(g) by selling, offering to sell, and/or importing TFT-LCD panels, their components, and/or products containing same, that are made by a process covered by the ’065 patent. Upon information and belief, the infringing TFT-LCD panels, their components, and/or products containing same are not materially changed by subsequent processes, and they are neither trivial nor nonessential components of another product.

56. At a minimum, Giantplus has known of the ’065 patent at least as early as the filing date of the complaint. In addition, Giantplus has known of the ’065 patent since May 9, 2018, when Giantplus was first notified that Giantplus was infringing the ’065 patent.

57. Upon information and belief, since at least the above-mentioned date when Giantplus was on notice of its infringement, Giantplus has actively induced, under U.S.C. § 271(b), distributors, importers and/or consumers that purchase or sell TFT-LCD panels that include or are made using all of the limitations of one or more claims of the ’065 patent to directly infringe one or more claims of the ’065 patent by using, offering for sale, selling, and/or importing the TFT-LCD panels. Since at least the notice provided on the above-mentioned date, Giantplus does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of the ’065 patent. Upon information and belief, Giantplus intends to cause, and has taken affirmative steps to induce, infringement by the distributors, importers, and/or consumers by, *inter alia*, creating advertisements that promote the infringing use of the TFT-LCD panels, creating established distribution channels for the TFT-LCD panels into and within the United States, manufacturing the TFT-LCD panels in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States. *See, e.g.*, About Giantplus webpage (*available at* http://www.giantplus.com.tw/en/about-us/about-giantplus) (showing Giantplus’ “Worldwide Customers” including a North American location).

58. Upon information and belief, despite having knowledge of the ’065 patent and knowledge that it is directly and/or indirectly infringing one or more claims of the ’065 patent, Giantplus has nevertheless continued its infringing conduct and disregarded an objectively high

likelihood of infringement. Giantplus' infringing activities relative to the '065 patent have been, and continue to be, willful, wanton, malicious, in bad-faith, deliberate, consciously wrongful, flagrant, characteristic of a pirate, and an egregious case of misconduct beyond typical infringement such that Plaintiff is entitled under 35 U.S.C. § 284 to enhanced damages up to three times the amount found or assessed.

59. VPV has been damaged as a result of Giantplus' infringing conduct described in this Count. Giantplus is, thus, liable to VPV in an amount that adequately compensates VPV for Giantplus' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## INJUNCTIVE RELIEF

60. Plaintiff seeks preliminary and permanent injunctions as a result of Giantplus' infringement of the Asserted Patents. Plaintiff is likely to succeed in showing that Giantplus infringes the Asserted Patents. Because of that infringement, Plaintiff has suffered an irreparable injury, and the remedies available at law, such as monetary damages, are inadequate to compensate for that injury. For example, if Plaintiff must enforce a judgment against Giantplus in Taiwan, Plaintiff will face a historically challenging burden in persuading a Taiwanese court to enforce a judgment from a U.S. court, likely preventing Plaintiff from obtaining any monetary damages from Giantplus. Considering the balance of hardships between the Plaintiff and Giantplus, a remedy in equity is warranted; and the public interest would not be disserved by a permanent or preliminary injunction.

## CONCLUSION

61. Plaintiff is entitled to recover from Giantplus the damages sustained by Plaintiff as a result of Giantplus' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court.

62. Plaintiff has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute may give rise to an exceptional case within the meaning of 35 U.S.C. § 285, and Plaintiff is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

## JURY DEMAND

63. Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

64. Plaintiff respectfully requests that the Court find in its favor and against Giantplus, and that the Court grant Plaintiff the following relief:

1. A judgment that Giantplus has infringed the Asserted Patents as alleged herein, directly and/or indirectly by way of inducing infringement of such patents;
2. A judgment for an accounting of all damages sustained by Plaintiff as a result of the acts of infringement by Giantplus;
3. A preliminary and permanent injunction against Giantplus, its subsidiaries, or anyone acting on its behalf from making, using, selling, offering to sell, or importing any products that infringe the Asserted Patents, and any other injunctive relief the Court deems just and equitable;
4. A judgment and order requiring Giantplus to pay Plaintiff damages under 35 U.S.C. § 284, including up to treble damages as provided by 35 U.S.C. § 284, and any royalties determined to be appropriate;
5. A judgment and order requiring Giantplus to pay Plaintiff pre-judgment and post-judgment interest on the damages awarded;

6. A judgment and order finding this to be an exceptional case and requiring Giantplus to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285; and
7. Such other and further relief as the Court deems just and equitable.

Dated: May 23, 2019

Respectfully submitted,

/s/Patrick J. Conroy w/permission Claire A. Henry
Patrick J. Conroy
Texas Bar No. 24012448
T. William Kennedy Jr.
Texas Bar No. 24055771
Terry A. Saad
Texas Bar No. 24066015

**Bragalone Conroy PC**
2200 Ross Avenue
Suite 4500W
Dallas, TX 75201
Tel: (214) 785-6670
Fax: (214) 785-6680
pconroy@bcpc-law.com
bkennedy@bcpc-law.com
tsaad@bcpc-law.com

Of Counsel:
T. John Ward, Jr.
Texas State Bar No. 00794818
Email: jw@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
Email: Claire@wsfirm.com
**WARD, SMITH, & HILL, PLLC**
P.O. Box 1231
Longview, TX 75606
Telephone: (903) 757-6400
Facsimile: (903) 757-2323