**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| VISTA PEAK VENTURES, LLC,, Plaintiff, | § | Judge: The Honorable Rodney Gilstrap |
| v. | § | CIVIL ACTION NO: 2:19-cv-00187 |
| GIANTPLUS TECHNOLOGY CO., LTD., Defendant. | § | **JURY TRIAL DEMANDED** |

## ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT

Defendant GIANTPLUS TECHNOLOGY CO., LTD. ("Giantplus" or "Defendant") files its answer and defenses in response to the Complaint for Patent Infringement (the "Complaint") of Plaintiff VISTA PEAK VENTURES, LLC ("VPV" or "Plaintiff") as follows:

## THE PARTIES

Giantplus responds to the allegations in VPV's Complaint by correspondingly numbered paragraphs as follows:

1. Giantplus is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph, and on that basis denies them.

2. Giantplus admits that it is a multinational corporation located in the Republic of China, otherwise known as Taiwan. Giantplus admits that its headquarters are located at 15 Industrial Rd., Toufen, Miao-Li, Taiwan. Giantplus denies the remaining allegations in Paragraph 2.

3. Giantplus admits that the provided hyperlinks contain the statements "high value-added TFT-LCD displays such as Point of Sale (POS), Printers, Wearable, Handy Terminal,

Electronic Shelf Label (ESL), Home Appliance, Medical Devices, and GPSMap" and "Instrument Clusters, Client Control, Head-up Display (HUD), e-Mirror, and Central Infotainment Display (CID)." Giantplus admits that it was first listed on the Taiwan Stock Exchange (TWSE) in 2006. Giantplus denies the remaining allegations in Paragraph 3.

4. Giantplus admits that the provided hyperlinks contain the statements "play a major role in FUJIFILM's global manufacturing system" and "30 Fujifilm locations within the United States, as well as other 'direct to US customer' shipments." Giantplus notes that there are differences between the Complaint quotations and the original hyperlink text, including that the first statement references "FUJIFILM Manufacturing U.S.A., Inc.," and that "[t]he Greenwood Distribution Center ships to approximately . . . ." Giantplus is without knowledge or information sufficient to form a belief as to the truth of the allegations related to "Fujifilm" contained within Paragraph 4, and on that basis denies them. Giantplus denies the remaining allegations in Paragraph 4.

**JURISDICTION AND VENUE**

5. Giantplus admits that VPV has alleged an action arising under certain provisions of Title 35 of the United States Code. Giantplus denies the remaining allegations in Paragraph 5.

6. Giantplus admits that under Title 28 of the United States Code this Court has subject matter jurisdiction of actions arising under certain provisions of Title 35 of the United States Code. Giantplus denies the remaining allegations in Paragraph 6.

7. Giantplus admits that it is not a resident of the United States. Giantplus denies the remaining allegations in Paragraph 7.

8. Denied.

9. Giantplus admits that its subsidiary Giantplus Holding LLC is incorporated in Delaware and located at 3500 South Dupont Highway, Dover, DE 19901. Giantplus admits that

the provided hyperlink contains the statement "mainly focus on Europe, North American, Japan, and Taiwan markets." Giantplus admits that its TFT-LCD products include model nos. GPM1410A0 0418 and LM1452B02-1B. Giantplus is without knowledge or information sufficient to form a belief as to the truth of the allegations related to "Fujifilm" or its products contained within Paragraph 9, and on that basis denies them. Giantplus denies the remaining allegations in Paragraph 9.

10. Giantplus admits that the provided hyperlink contains the statement "annual net sales totaled NT$9,887,852 thousand." Giantplus denies the remaining allegations in Paragraph 10.

11. Giantplus admits that it owns U.S.-based subsidiary Giantplus Holding LLC. Giantplus denies the remaining allegations in Paragraph 11.

12. Denied.

## THE ASSERTED PATENTS AND TECHNOLOGY

13. Giantplus admit that it manufactures and sells TFT-LCD flat panel displays. Giantplus admits that the provided hyperlink contains the statements "successfully shifted from focusing on niche market to providing valued-added product mix, and further cultivating high-profile markets" and "Giantplus Technology is recognized as a strategic partner in both industrial and automotive markets." mainly focus on Europe, North American, Japan, and Taiwan markets." Giantplus denies the remaining allegations in Paragraph 13.

14. Giantplus admits that its TFT-LCD products include the model GPM1410A0 and LM1452B02-1B. Giantplus is without knowledge or information sufficient to form a belief as to the truth of the allegations related to "Fujifilm" or its products contained within Paragraph 14, and on that basis denies them. Giantplus denies the remaining allegations in Paragraph 14.

15. Giantplus is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 15, including as to the purported "teardown images," and on that basis denies them. Giantplus denies the remaining allegations in Paragraph 15.

16. Giantplus is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 16 as to the purported teardown and on that basis denies them. Giantplus denies the remaining allegations in Paragraph 16.

17. Giantplus is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 17 as to the purported teardown and on that basis denies them. Giantplus denies the remaining allegations in Paragraph 17.

18. Giantplus is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 18 as to the purported teardown and on that basis denies them. Giantplus denies the remaining allegations in Paragraph 18.

19. Giantplus is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 19 as to the purported teardown and on that basis denies them. Giantplus denies the remaining allegations in Paragraph 19.

20. Giantplus is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 20 as to the purported teardown and on that basis denies them. Giantplus denies the remaining allegations in Paragraph 20.

21. Giantplus is without knowledge or information sufficient to form a belief as to the truth of the allegations related to "Fujifilm" and "iCatch" or their products contained within Paragraph 21, and on that basis denies them. Giantplus is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 21 as to the purported teardown and on that basis denies them. Giantplus denies the remaining allegations in Paragraph

21. Giantplus notes that even if the purported teardown is true, the presented photo referencing an iCatch microprocessor has nothing to do with Giantplus products.

22. Giantplus is without knowledge or information sufficient to form a belief as to the truth of the allegations related to "Fujifilm" or its products contained within Paragraph 22, and on that basis denies them. Giantplus is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 22 as to the cited chips, which are not Giantplus products, and on that basis denies them. Giantplus notes that the image shown is watermarked "Confidential Use Only." Giantplus denies the remaining allegations in Paragraph 22.

23. Giantplus is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 23 as to the cited chip, which is not a Giantplus product, and on that basis denies them. Giantplus notes that the image shown is watermarked "Confidential Use Only." Giantplus denies the remaining allegations in Paragraph 23.

24. Giantplus is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 24 as to the cited chip, which is not a Giantplus product, and on that basis denies them. Giantplus is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 24 as to the purported teardown and on that basis denies them. Giantplus denies the remaining allegations in Paragraph 24.

## COUNT I

(INFRINGEMENT OF U.S. PATENT NO. 7,593,070)

25. Giantplus incorporates by reference its answers to the allegations set forth in paragraphs 1 through 24.

26. Giantplus is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 26, and on that basis denies them.

27. Denied.

28. Denied.

29. Giantplus admits that the provided hyperlink contains the statement "has an experienced and up-to-date engineering team who has consistently dedicated to innovative technologies and product developments." Giantplus denies the remaining allegations in Paragraph 29.

30. Denied.

31. Denied.

32. Denied.

33. Denied. Giantplus had no such data room access as alleged. Giantplus further notes that the filing date of the Complaint was May 23, 2019, but a Summons was not issued until May 30, 2019, and as discussed in Defendant's Motion to Dismiss Pursuant to Rule 12(b)(5) for Insufficient Service of Process the Complaint was never properly served on Giantplus.

34. Giantplus admits that the provided hyperlink contains the statement "Worldwide Customers." Giantplus denies the remaining allegations in Paragraph 34.

35. Denied.

36. Denied.

**COUNT II**

(INFRINGEMENT OF U.S. PATENT NO. 6,486,931)

37. Giantplus incorporates by reference its answers to the allegations set forth in paragraphs 1 through 36.

38. Giantplus is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 38, and on that basis denies them.

39. Denied.

40. Denied. Giantplus notes that VPV's Patent Local Rule 3-1 infringement disclosures served on September 6, 2019 admit that "[b]ased on currently available information, Defendant's GPM1452B0 product is not believed to meet all limitations of the asserted claims of the '931 and '593 patents. Accordingly, that product, as well as any others of Defendant's products determined through discovery to have a similarly non-infringing structure, are not accused of infringing the '931 and '593 patents."

41. Giantplus admits that the provided hyperlink contains the statement "has an experienced and up-to-date engineering team who has consistently dedicated to innovative technologies and product developments." Giantplus denies the remaining allegations in Paragraph 41.

42. Denied. Giantplus notes that VPV's Patent Local Rule 3-1 infringement disclosures served on September 6, 2019 admit that "[b]ased on currently available information, Defendant's GPM1452B0 product is not believed to meet all limitations of the asserted claims of the '931 and '593 patents. Accordingly, that product, as well as any others of Defendant's products determined through discovery to have a similarly non-infringing structure, are not accused of infringing the '931 and '593 patents."

43. Denied. Giantplus notes that VPV's Patent Local Rule 3-1 infringement disclosures served on September 6, 2019 admit that "[b]ased on currently available information, Defendant's GPM1452B0 product is not believed to meet all limitations of the asserted claims of the '931 and '593 patents. Accordingly, that product, as well as any others of Defendant's products determined through discovery to have a similarly non-infringing structure, are not accused of infringing the '931 and '593 patents."

44. Denied. Giantplus had no such data room access as alleged. Giantplus further notes that the filing date of the Complaint was May 23, 2019, but a Summons was not issued until May 30, 2019, and as discussed in Defendant's Motion to Dismiss Pursuant to Rule 12(b)(5) for Insufficient Service of Process the Complaint was never properly served on Giantplus.

45. Giantplus admits that the provided hyperlink contains the statement "Worldwide Customers." Giantplus denies the remaining allegations in Paragraph 40. Giantplus notes that VPV's Patent Local Rule 3-1 infringement disclosures served on September 6, 2019 admit that "[b]ased on currently available information, Defendant's GPM1452B0 product is not believed to meet all limitations of the asserted claims of the '931 and '593 patents. Accordingly, that product, as well as any others of Defendant's products determined through discovery to have a similarly non-infringing structure, are not accused of infringing the '931 and '593 patents."

46. Denied. Giantplus notes that VPV's Patent Local Rule 3-1 infringement disclosures served on September 6, 2019 admit that "[b]ased on currently available information, Defendant's GPM1452B0 product is not believed to meet all limitations of the asserted claims of the '931 and '593 patents. Accordingly, that product, as well as any others of Defendant's products determined through discovery to have a similarly non-infringing structure, are not accused of infringing the '931 and '593 patents."

47. Denied. Giantplus notes that VPV's Patent Local Rule 3-1 infringement disclosures served on September 6, 2019 admit that "[b]ased on currently available information, Defendant's GPM1452B0 product is not believed to meet all limitations of the asserted claims of the '931 and '593 patents. Accordingly, that product, as well as any others of Defendant's

products determined through discovery to have a similarly non-infringing structure, are not accused of infringing the ’931 and ’593 patents.”

**COUNT III**

(INFRINGEMENT OF U.S. PATENT NO. 7,006,065)

48. Giantplus incorporates by reference its answers to the allegations set forth in paragraphs 1 through 47.

49. Giantplus is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 49, and on that basis denies them.

50. Denied.

51. Denied. Giantplus notes that VPV failed to meet at least its Patent Local Rule 3-1 obligations as to the ’065 patent, inasmuch as VPV did not provide any infringement contentions as to the ’065 patent or its claims and did not make any assertions or allegations in its Patent Local Rule 3-1 disclosures of September 6, 2019 as to any alleged infringement by Giantplus of the ’065 patent and any of its claims.

52. Giantplus admits that the provided hyperlink contains the statement “has an experienced and up-to-date engineering team who has consistently dedicated to innovative technologies and product developments.” Giantplus denies the remaining allegations in Paragraph 52.

53. Denied. Giantplus notes that VPV failed to meet at least its Patent Local Rule 3-1 obligations as to the ’065 patent, inasmuch as VPV did not provide any infringement contentions as to the ’065 patent or its claims and did not make any assertions or allegations in its Patent Local Rule 3-1 disclosures of September 6, 2019 as to any alleged infringement by Giantplus of the ’065 patent and any of its claims.

54. Denied. Giantplus notes that VPV failed to meet at least its Patent Local Rule 3-1 obligations as to the ’065 patent, inasmuch as VPV did not provide any infringement contentions as to the ’065 patent or its claims and did not make any assertions or allegations in its Patent Local Rule 3-1 disclosures of September 6, 2019 as to any alleged infringement by Giantplus of the ’065 patent and any of its claims.

55. Denied. Giantplus notes that VPV failed to meet at least its Patent Local Rule 3-1 obligations as to the ’065 patent, inasmuch as VPV did not provide any infringement contentions as to the ’065 patent or its claims and did not make any assertions or allegations in its Patent Local Rule 3-1 disclosures of September 6, 2019 as to any alleged infringement by Giantplus of the ’065 patent and any of its claims.

56. Denied. Giantplus further notes that the filing date of the Complaint was May 23, 2019, but a Summons was not issued until May 30, 2019, and as discussed in Defendant’s Motion to Dismiss Pursuant to Rule 12(b)(5) for Insufficient Service of Process the Complaint was never properly served on Giantplus.

57. Giantplus admits that the provided hyperlink contains the statement “Worldwide Customers.” Giantplus denies the remaining allegations in Paragraph 52. Giantplus notes that VPV failed to meet at least its Patent Local Rule 3-1 obligations as to the ’065 patent, inasmuch as VPV did not provide any infringement contentions as to the ’065 patent or its claims and did not make any assertions or allegations in its Patent Local Rule 3-1 disclosures of September 6, 2019 as to any alleged infringement by Giantplus of the ’065 patent and any of its claims.

58. Denied. Giantplus notes that VPV failed to meet at least its Patent Local Rule 3-1 obligations as to the ’065 patent, inasmuch as VPV did not provide any infringement contentions as to the ’065 patent or its claims and did not make any assertions or allegations in its Patent

Local Rule 3-1 disclosures of September 6, 2019 as to any alleged infringement by Giantplus of the ’065 patent and any of its claims.

59. Denied. Giantplus notes that VPV failed to meet at least its Patent Local Rule 3-1 obligations as to the ’065 patent, inasmuch as VPV did not provide any infringement contentions as to the ’065 patent or its claims and did not make any assertions or allegations in its Patent Local Rule 3-1 disclosures of September 6, 2019 as to any alleged infringement by Giantplus of the ’065 patent and any of its claims.

## INJUNCTIVE RELIEF

60. Giantplus acknowledges that VPV seeks preliminary and permanent injunctions. Giantplus denies the remaining allegations in Paragraph 60.

## CONCLUSION

61. Denied.

62. Giantplus acknowledges that VPV alleges it has incurred fees, costs, and expenses. Giantplus denies the remaining allegations in Paragraph 62.

## JURY DEMAND

63. Giantplus acknowledges that VPV has requested a trial by jury.

## PRAYER FOR RELIEF

64. To the extent any response is required to any paragraph of VPV’s Prayer for Relief, including without limitation the paragraphs it has labeled 64 and 1-5: Denied.

## GENERAL DENIAL

65. Giantplus denies that VPV is entitled to any relief. To the extent Giantplus has not already addressed elsewhere any averments of VPV’s Complaint, Giantplus denies any remaining averments of VPV’s Complaint.

## DEFENSES

66. Pursuant to Federal Rule of Civil Procedure 8(b) and (c), without assuming any burden that it would not otherwise bear, without reducing or removing VPV's burdens of proof on its affirmative claims against Giantplus, reserving its right to assert additional defenses, and affirmatively solely to the extent deemed necessary by the Court to maintain any or all of the following defenses, Giantplus asserts the following defenses to VPV's Complaint for Patent Infringement:

### FIRST DEFENSE

### (Non-Infringement)

67. Giantplus does not and has not infringed any valid and enforceable claim of the asserted patents-in-suit, whether literally, under the doctrine of equivalents, directly, indirectly, contributorily, by way of inducement, and/or via any other mechanism of liability.

### SECOND DEFENSE

### (Invalidity)

68. One or more of the claims of the asserted patents-in-suit is invalid and/or unenforceable for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, including without limitation, for example, Sections 101, 102, 103, and 112.

### THIRD DEFENSE

### (License and/or Exhaustion)

69. VPV's claims for patent infringement are precluded in whole or in part by license or exhaustion, including at least: (i) to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to Giantplus by (or by Giantplus to) any

entity or entities having express or implied licenses to the asserted patents-in-suit; and/or (ii) under the doctrine of patent exhaustion.

**<u>FOURTH DEFENSE</u>**

**(Laches, Waiver, Estoppel, Consent)**

70. VPV is barred in whole or in part under principles of equity, including without limitation, laches, prosecution laches, waiver, estoppel, and/or consent.

**<u>FIFTH DEFENSE</u>**

**(Prosecution History Estoppel and/or Disclaimer)**

71. By reason of proceedings in the United States Patent and Trademark Office during prosecution of the asserted patents-in-suit, and specifically statements, arguments, amendments, assertions, and/or representations made by or on behalf of the applicants for the asserted patents-in-suit, VPV is estopped from asserting any construction of the claims of the asserted patents-in-suit that would cover any product, method, or service of Giantplus, and/or is estopped to construe the claims of the asserted patents-in-suit in any way to cover any product, method, or service of Giantplus under the doctrine of equivalents.

**<u>SIXTH DEFENSE</u>**

**(Limitation on Recovery)**

72. Any claim by VPV for damages is limited under 35 U.S.C. §§ 286 or 287. VPV is barred under 35 U.S.C. § 287 from recovering damages prior to the date of the filing of the Complaint. VPV is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

**SEVENTH DEFENSE**

**(No Standing)**

73. VPV has failed to provide adequate evidence of ownership of the asserted patents-in-suit. VPV lacks standing to bring suit for alleged infringement of the asserted patents-in-suit.

**EIGHTH DEFENSE**

**(No Injunction)**

74. VPV is not entitled to injunctive relief under any theory, at least because: (1) VPV has not suffered nor will it suffer irreparable harm because of Giantplus's conduct; (2) any harm to VPV would be outweighed by the harm to Giantplus if an injunction were entered; (3) VPV has an adequate remedy at law even if it were to prevail in this action; and (4) the public interest would not be served by an injunction in favor of VPV.

**NINTH DEFENSE**

**(Failure to State a Claim)**

75. VPV has failed to state a claim upon which relief can be granted.

**TENTH DEFENSE**

**(No Willful Infringement, Not Exceptional Case)**

76. VPV cannot provide that this is an exceptional case justifying an award of attorneys' fees against Giantplus pursuant to 35 U.S.C. 285. Giantplus has not and does not willfully infringe any properly construed, valid, and enforceable claim of the asserted patents-in-suit, and has not and is not committing any acts supporting an exceptional case claim under 35 U.S.C. 285.

**ELEVENTH DEFENSE**

**(Government Sales)**

77. To the extent that any of Giantplus's accused products have been made, used, sold, or offered for sale to the United States Government, any and all remedies may be had only by action against the United States pursuant to 28 U.S.C. § 1498.

**TWELFTH DEFENSE**

**(Acts of Others)**

78. The claims made in the Complaint are barred, in whole or in part, because Giantplus is not liable for the acts of others over whom it has no control.

**THIRTEENTH DEFENSE**

**(No Causation)**

79. VPV's claims against Giantplus are barred because VPV's damages, if any, were not caused by Giantplus.

**RESERVATION OF RIGHTS**

80. Giantplus reserves any and all rights to amend its answer, including its currently pled defenses, and/or to add additional defenses as any basis for doing so becomes apparent.

## GIANTPLUS'S COUNTERCLAIMS

Counterclaim Plaintiff Giantplus Technology Co., Ltd. ("Giantplus"), as and for its counterclaims against Counterclaim Defendant Vista Peak Ventures, LLC ("VPV") states as follows:

## NATURE OF ACTION

1. This is a Declaratory Judgment action for a declaration of non-infringement and invalidity of the U.S. Patents asserted against Giantplus by counterclaim defendant in its Complaint for Patent Infringement (its "Complaint"); U.S. Patent Nos. 7,593,070 ("the '070 patent"); 7,006,065 ("the '065 patent"); and 6,486,931 ("the '931 patent").

## PARTIES

2. Giantplus is a corporation organized and existing under the laws of the Republic of China, with its registered place of business at 15 Industrial Rd., Toufen, Miao-Li, Taiwan.

3. On information and belief, as averred in its Complaint, counterclaim defendant is a Texas limited liability company, located at 1400 Preston Rd., Suite 472, Plano, TX 75093.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the counterclaims under 28 U.S.C. §§ 2201 and 2202 as a declaratory judgment action; and, as averred in the Complaint, under 28 U.S.C. §§ 1331 and 1338 as an action arising under the Patent Laws, Title 35 of the United States Code.

5. By filing its Complaint in this District, counterclaim defendant has affirmatively sought and consented to the personal jurisdiction of this Court for purposes of Giantplus's counterclaims, and the Court does have personal jurisdiction over the counterclaim defendant.

6. If and to the extent venue is (or would have been) proper over any of the claims in the Complaint, venue over all counterclaims must be proper in this District under 28 U.S.C. §§ 1391 and 1400. Furthermore, by maintaining its Complaint, counterclaim defendant has waived any objection it might have or make to venue over Giantplus's counterclaims.

**COUNTERCLAIM I**

**(Declaration of Non-Infringement–'070 Patent)**

7. Giantplus re-avers and incorporates by reference its unnumbered preamble and paragraphs 1 through 6 of Giantplus's Counterclaims as though fully set forth herein.

8. Counterclaim defendant avers in its Complaint that "VPV is the assignee of the '070 patent . . . with ownership of all substantial rights in the '070 patent."

9. Counterclaim defendant avers in its Complaint that Giantplus "has and continues to directly and/or indirectly infringe (by inducing infringement) one or more claims of the '070 patent in this judicial district and elsewhere in Texas and the United States." Thus, an actual, substantial controversy exists between Giantplus and counterclaim defendant concerning Giantplus's non-infringement of the '070 patent.

10. Giantplus does not infringe, and has not infringed, any valid and enforceable claim of the '070 patent literally, under the doctrine of equivalents, directly, indirectly, contributorily, by way of inducement, and/or via any other mechanism of liability under the Patent Act.

11. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., Giantplus is entitled to a declaration that the claims of the '070 patent are not, and have not been, infringed by Giantplus or any affiliate (or, with respect to any Giantplus products, customer) of Giantplus.

12. The requested declaratory relief would serve the useful purpose of clarifying the legal issues and resolving the claims of infringement made by counterclaim defendant in its Complaint.

**COUNTERCLAIM II**

**(Declaration of Invalidity–'070 Patent)**

13. Giantplus re-avers and incorporates by reference its unnumbered preamble and paragraphs 1 through 12 of Giantplus's Counterclaims as though fully set forth herein.

14. One or more claims of the '070 patent are invalid or void for failing to satisfy one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code, including without limitation, for example, sections 101, 102, 103, and/or 112.

15. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., Giantplus is entitled to a declaration that the claims of the '070 patent are invalid.

16. The requested declaratory relief would serve the useful purpose of clarifying the legal issues and resolving the claims of infringement made by counterclaim defendant in its Complaint.

**COUNTERCLAIM III**

**(Declaration of Non-Infringement–'065 Patent)**

17. Giantplus re-avers and incorporates by reference its unnumbered preamble and paragraphs 1 through 6 of Giantplus's Counterclaims as though fully set forth herein.

18. Counterclaim defendant avers in its Complaint that "VPV is the assignee of the '065 patent . . . with ownership of all substantial rights in the '065 patent."

19. Counterclaim defendant avers in its Complaint that Giantplus "has and continues to directly and/or indirectly infringe (by inducing infringement) one or more claims of the '065

patent in this judicial district and elsewhere in Texas and the United States." Thus, an actual, substantial controversy exists between Giantplus and counterclaim defendant concerning Giantplus's non-infringement of the '065 patent.

20. Giantplus does not infringe, and has not infringed, any valid and enforceable claim of the '065 patent literally, under the doctrine of equivalents, directly, indirectly, contributorily, by way of inducement, and/or via any other mechanism of liability under the Patent Act.

21. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., Giantplus is entitled to a declaration that the claims of the '065 patent are not, and have not been, infringed by Giantplus or any affiliate (or, with respect to any Giantplus products, customer) of Giantplus.

22. The requested declaratory relief would serve the useful purpose of clarifying the legal issues and resolving the claims of infringement made by counterclaim defendant in its Complaint.

## COUNTERCLAIM IV

**(Declaration of Invalidity–'065 Patent)**

23. Giantplus re-avers and incorporates by reference its unnumbered preamble and paragraphs 1 through 6 and 17 through 22 of Giantplus's Counterclaims as though fully set forth herein.

24. One or more claims of the '065 patent are invalid or void for failing to satisfy one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code, including without limitation, for example, sections 101, 102, 103, and/or 112.

25. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., Giantplus is entitled to a declaration that the claims of the ’065 patent are invalid.

26. The requested declaratory relief would serve the useful purpose of clarifying the legal issues and resolving the claims of infringement made by counterclaim defendant in its Complaint.

**COUNTERCLAIM V**

**(Declaration of Non-Infringement–’931 Patent)**

27. Giantplus re-avers and incorporates by reference its unnumbered preamble and paragraphs 1 through 6 of Giantplus’s Counterclaims as though fully set forth herein.

28. Counterclaim defendant avers in its Complaint that “VPV is the assignee of the ’931 patent . . . with ownership of all substantial rights in the ’931 patent.”

29. Counterclaim defendant avers in its Complaint that Giantplus “has and continues to directly and/or indirectly infringe (by inducing infringement) one or more claims of the ’931 patent in this judicial district and elsewhere in Texas and the United States.” Thus, an actual, substantial controversy exists between Giantplus and counterclaim defendant concerning Giantplus’s non-infringement of the ’931 patent.

30. Giantplus does not infringe, and has not infringed, any valid and enforceable claim of the ’931 patent literally, under the doctrine of equivalents, directly, indirectly, contributorily, by way of inducement, and/or via any other mechanism of liability under the Patent Act.

31. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., Giantplus is entitled to a declaration that the claims of the ’931 patent are not, and have not been,

infringed by Giantplus or any affiliate (or, with respect to any Giantplus products, customer) of Giantplus.

32. The requested declaratory relief would serve the useful purpose of clarifying the legal issues and resolving the claims of infringement made by counterclaim defendant in its Complaint.

## COUNTERCLAIM VI

**(Declaration of Invalidity–'931 Patent)**

33. Giantplus re-avers and incorporates by reference its unnumbered preamble and paragraphs 1 through 6 and 27 through 32 of Giantplus's Counterclaims as though fully set forth herein.

34. One or more claims of the '931 patent are invalid or void for failing to satisfy one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code, including without limitation, for example, sections 101, 102, 103, and/or 112.

35. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., Giantplus is entitled to a declaration that the claims of the '931 patent are invalid.

36. The requested declaratory relief would serve the useful purpose of clarifying the legal issues and resolving the claims of infringement made by counterclaim defendant in its Complaint.

## DEMAND FOR JURY TRIAL

Giantplus demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

FOR THESE REASONS, Giantplus respectfully requests that this Court enter judgment in its favor and grant the following relief:

A. That the Court enter an order declaring that counterclaim defendant take nothing by its Complaint in this action;

B. That the Court enter judgment against counterclaim defendant and in favor of Giantplus, and that the Complaint be dismissed with prejudice;

C. That the Court enter a declaratory judgment that Giantplus does not infringe any claim of the '070 patent;

D. That the Court enter a declaratory judgment that the claims of the '070 patent are invalid;

E. That the Court enter a declaratory judgment that Giantplus does not infringe any claim of the '065 patent;

F. That the Court enter a declaratory judgment that the claims of the '065 patent are invalid;

G. That the Court enter a declaratory judgment that Giantplus does not infringe any claim of the '931 patent;

H. That the Court enter a declaratory judgment that the claims of the '931 patent are invalid; and

I. That the Court enter an order awarding Giantplus its costs, expenses and reasonable attorney fees in this action because this is an exceptional case under 35 U.S.C. 285 as a result of, inter alia, the above-pleaded denials, defenses, affirmative defenses, and/or counterclaims.

J. Grant Giantplus such other and further relief as the Court deems appropriate and just under the circumstances.

Dated: September 10, 2019

Respectfully Submitted,

By: *<u>/s/ Alexander P. Ott</u>*

Alexander P. Ott
DC Bar No. 1003796 *pro hac vice*
aott@mwe.com
**McDermott Will & Emery LLP**
500 North Capitol Street, N.W.
Washington, D.C. 20001
(202) 758-8000
(202) 591-2831 (facsimile)
*Lead Counsel of Record*

Calli A. Turner
Texas Bar No. 24088558
cturner@mwe.com
**McDermott Will & Emery LLP**
2501 North Harwood Street, Suite 1900
Dallas, TX 75201
(214) 295-8000
(972) 232-3098 (facsimile)

Ya-Chiao Chang
Texas Bar No. 24070992
ychang@mwechinalaw.com
Jacob L. Clark
Michigan Bar No. P81379 *pro hac vice*
jxclark@mwechinalaw.com
**MWE China Law Offices**
28th Floor, Jinmao Tower
88 Century Avenue
Shanghai 200121 China
+86 21 6105 0947
+86 21 6105 0501 (facsimile)

Jiaxiao Zhang
CA Bar No. 317927
*pro hac vice application pending*
jiazhang@mwe.com
**McDermott Will & Emery LLP**
18565 Jamboree Road, Suite 250
Irvine, CA 92612

(949) 757-6398
(949) 851-9348 (facsimile)

*Attorneys for Defendant*
*GIANTPLUS TECHNOLOGY CO., LTD.*

## CERTIFICATE OF SERVICE

I hereby certify that on Tuesday, September 10, 2019, a true and correct copy of the foregoing document was served by electronic transmission through the Court's Case Management Electronic Case Filing system.

*/s/ Alexander P. Ott*

Alexander P. Ott